IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § | CRIMINAL NO. 1:21-CR-048-LY |
| (26) JEFFREY SPARKS | § § § | |

## CASE MANAGEMENT ORDER

BEFORE Defendant's arrest and entry of a plea of "Not Guilty" in this case, the court made findings and conclusions and rendered a Case Management Order (Doc. #456). The court now finds and concludes that that order should have equal application to this Defendant.

The court finds that discovery in this matter is voluminous and includes, *inter alia*, multiple cell-phone-data extractions, Title III electronic and wire interceptions, personal identifying information, and potential other forensic date that may require sophisticated or expert analysis by the Defendants. In addition, the investigation appears to involve numerous federal, county, and local law-enforcement agencies, each of which has generated a substantial number of reports and records. Moreover, some of the Government's evidence may involve expert reports the Defendants will need to analyze and prepare cross examination of the author. Finally, the charges in this case include participation in a complex and far-reaching conspiracy to distribute a variety of controlled substances, which may create complex pre-trial litigation issues. The court further finds that based on the volume and nature of discovery materials, the number of defendants, and the potential for complex pre-trial proceedings, it would be unreasonable to expect defense counsel to be able to effectively prepare pre-trial motions and prepare for trial within the period normally prescribed by the Speedy Trial Act. See 18 U.S.C. § 3161, et seq. Consequently, the ends of justice served by extending the time until trial of this case outweigh the best interest of the public and the Defendants

in a speedy trial. For the reasons set forth above, the court **DETERMINES AND DECLARES** that the above-captioned matter is **COMPLEX**. See 18 U.S.C. § 3161 (h)(7)(B)(ii). No party objects to this declaration.

### DISCOVERY

**IT IS ORDERED** if they have not already done so, the parties confer and accomplish the following matters **FORTHWITH:**

A. The Government shall permit each Defendant to inspect and copy the following items or copies thereof, or supply copies thereof, that are within the possession, custody, or control of the Government, the existence of which is known or by the exercise of diligence may become known to the Government.

   1. Written or recorded statements made by Defendants.

   2. The substance of any oral statement made by any Defendant before or after Defendant's arrest in response to interrogation by a person then known to be a government agent that the Government intends to offer into evidence at trial.

   3. Recorded grand jury testimony of Defendants relating to the offenses charged.

   4. Defendants' FBI arrest records.

   5. Books, papers, documents, photographs, tangible objects, buildings or places that the Government intends to use as evidence at trial to prove its case-in-chief or that were obtained from or belong to Defendants.

   6. Results of reports of physical or mental examinations, and of scientific tests or experiments, made in connection with this case.

   7. A written summary of the testimony of expert witnesses the Government intends to present at trial that describes the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

B. Defendants shall permit the Government to inspect and copy the following items or copies thereof, or supply copies thereof, that are within the possession, custody or control of any Defendant, the existence of which is known or by the exercise of diligence may become known to any Defendant.

   1. Books, papers, documents, photographs, or tangible objects that Defendant intends to introduce as evidence-in-chief at the trial.

2. Results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case that Defendant intends to introduce as evidence-in-chief at trial or that were prepared by a witness any Defendant intends to call at trial when the results or reports relate to the witness's testimony.

3. A written summary of the testimony of expert witnesses any Defendant intends to present at trial that describes the witnesses' opinions, the bases and reasons therefor, and the witnesses' qualifications.

C. The Government shall reveal to Defendants and permit inspection and copying of all information and material known to the Government that may be favorable to any Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963) or that would tend to impeach government witnesses.

D. The Government shall disclose to Defendants the existence and substance of any payments, promises of immunity, leniency, or preferential treatment made to prospective government witnesses within the scope of *United States v. Giglio*, 405 U.S. 150 (1972), and *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The Government shall supply Defendants with an FBI rap sheet or other appropriate record of prior convictions of any Government witness who is known to have a prior criminal record.

F. The Government shall state whether any Defendant was the subject of any electronic surveillance, and, if so, shall furnish to Defendants for inspection and copying any recordings or videotapes that may be offered into evidence at trial.

G. The Government shall cause to be transcribed the grand jury testimony of all witnesses who will testify for the Government at the trial of this cause so their statements can be furnished to Defendants pursuant to 18 United States Code section 3500.

It shall be the continuing duty of counsel for each party to reveal to opposing counsel all newly discovered information or other material within the scope of this order.

The court may at any time, upon motion properly filed, order that the discovery or inspection provided for by this order be denied, restricted, or deferred, or make such other order as is appropriate. It is expected by the court, however, that counsel for each party shall make every good faith effort to comply with the letter and spirit of this order.

## PRETRIAL MOTIONS

**IT IS ORDERED** that pursuant to Rule 12(c) of the Federal Rules of Criminal Procedure all Pretrial Motions shall be filed **ON OR BEFORE December 2, 2021**.

**IT IS FURTHER ORDERED** that all parties may file a response to any pretrial motion **ON OR BEFORE December 16, 2021**.

**IT IS FURTHER ORDERED** that all pretrial motions are set for hearing in Courtroom 7, Seventh Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas, on **January 13, 2022, at 9:30 AM**.

## PLEA AGREEMENT DEADLINE

**IT IS ORDERED** that pursuant to *United States v. Ellis*, 547 F.2d 863 (5th Cir. 1977), any plea bargain or plea agreement entered into by the parties in this cause shall be made known in writing to this Court **ON OR BEFORE January 26, 2022**. No plea bargain or plea agreement entered into after this date shall be honored by this Court without good cause shown for delay.

## DOCKET CALL AND TRIAL

**IT IS FURTHER ORDERED** that the above entitled and numbered cause is set for **DOCKET CALL** on **January 31, 2022, at 9:30 AM**, in Courtroom 7, Seventh Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas.

**IT IS FURTHER ORDERED** that the above entitled and numbered cause is set for **JURY SELECTION AND TRIAL** in Courtroom 7, Seventh Floor of the United States Courthouse, 501 West Fifth Street, Austin, Texas, on **February 7, 2022, at 9:00 AM**.

**IT IS FURTHER ORDERED** that all motions in limine, proposed *voir dire* questions, proposed jury instructions and other court's charge materials, and all other items any party desires the court to consider with regard to trial procedure, shall be filed **ON OR BEFORE**

**January 28, 2022, at 5:00 PM**. Failure to file such items as ordered herein shall constitute a waiver of same.

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the Court finds that the ends of justice served by allowing the Defendants additional time for pretrial preparation outweighs the best interest of the public and the Defendants in a speedy trial. The Court's basis for said finding is that the failure to grant such a continuance in this case would deny counsel for the Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7). Thus, the Court finds that the time between the date of this order and the trial setting of February 7, 2022, is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this order to counsel for Defendants, the United States Attorney, United States Pretrial Services, and the United State Probation Office. Counsel for Defendants shall notify Defendants to be present at the **January 13, 2022** hearing on pretrial motions, the **January 31, 2022** docket call, and the **February 7, 2022** jury selection and trial.

**IT IS FINALLY ORDERED** that in the event the services of a court interpreter are required, counsel for Defendant shall notify the United States District Clerk's Office within five days of the date of the hearing on pretrial motions, docket call, and jury selection and trial.

SIGNED this _11th_ day of August, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE